1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   MICHAEL DAVID PIERCE,        1:10-cv-00526-OWW-SMS (HC)

10             Petitioner,       FINDINGS AND RECOMMENDATION
REGARDING PETITION FOR WRIT OF

11     v.                              HABEAS CORPUS

12                                   [Doc. 1]
DIRECTOR OF CORRECTIONS AND

13   REHABILITATION,

14             Respondent.

15   _____/

16       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18                     BACKGROUND[1]

19       Petitioner is in the custody of the California Department of Corrections and

20   Rehabilitation (CDCR), following convictions in the Stanislaus County Superior Court in 2006

21   for robbery.  He is serving a term of six years.

22       In the instant petition, Petitioner challenges a prison disciplinary action for which he was

23   found guilty of violating California Code of Regulations, title 15, section 3004(a), manipulation

24   of staff, a serious rules violation.

25       Petitioner exhausted his administrative appeal remedies and his appeal was denied at both

26   the Second and Director's level.

27   _____

28           [1] This information is derived from the state court documents attached to Respondent's answer, which are not subject to dispute.

1  Petitioner filed a state habeas corpus petition in the Kings County Superior Court in
2  which he alleged the prison officials disciplined him for seeking mental health treatment.  He
3  also claimed that he told staff that he had suicidal thoughts, and as a result, prison officials
4  charged him with a rules violation.  He also claimed that the Senior Hearing Officer (SHO)
5  denied him the opportunity to present witnesses and documents at the disciplinary hearing.  The
6  superior court denied the petition in a reasoned decision finding some evidence to support the
7  decision.

8  Petitioner then filed a petition in the California Court of Appeal raising the same
9  challenges as he did in the superior court petition.  The petition was summarily denied.

10  Petitioner filed a petition in the California Supreme Court and raised the additional claim
11  that he was improperly denied an investigative employee to aid in his defense.  The court
12  summarily denied the petition.

13  Petitioner filed the instant petition for writ of habeas corpus on March 3, 2010.
14  Respondent filed an answer to the petition on June 4, 2010, and Petitioner filed an opposition on
15  July 2, 2010.

16  DISCUSSION

17  A.  Jurisdiction

18  Relief by way of a petition for writ of habeas corpus extends to a person in custody
19  pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or
20  treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,
21  529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed
22  by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at
23  Corcoran Substance Abuse and Treatment Facility, California, which is located within the
24  jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted
25  in the loss of time credits, such violation affects the duration of a sentence, and the violation may
26  be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-
27  78 (9th Cir. 1990).

28  ///

2

1   ///

2   B.   <u>Standard of Review</u>

3          This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

4   custody pursuant to the judgment of a State court only on the ground that he is in custody in

5   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

6          The AEDPA altered the standard of review that a federal habeas court must apply with

7   respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v.</u>

8   <u>Taylor</u>, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will

9   not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

10  involved an unreasonable application of, clearly established Federal law, as determined by the

11  Supreme Court of the United States;" or "resulted in a decision that was based on an

12  unreasonable determination of the facts in light of the evidence presented in the State Court

13  proceeding." 28 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166 (2003), *disapproving the*

14  *Ninth Circuit's approach in* <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000); <u>Williams</u>, 529

15  U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in

16  its independent judgment that the relevant state court decision applied clearly established federal

17  law erroneously or incorrectly." <u>Lockyer</u>, 123 S.Ct. at 1175 (citations omitted). "Rather, that

18  application must be objectively unreasonable." <u>Id</u>. (citations omitted).

19         The state court's factual determinations must be presumed correct, and the federal court

20  must accept all factual findings made by the state court unless the petitioner can rebut "the

21  presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Purkett v.</u>

22  <u>Elem</u>, 514 U.S. 765 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99 (1995); <u>Langford v. Day</u>, 110

23  F.3d 1380, 1388 (9th Cir. 1997).

24         In the last reasoned state court decision, the Kings County Superior Court denied the

25  petition stating, in pertinent part:

26              In this case, it appears that the finding of guilt was based solely upon the
            reporting employee's report, to wit: ". . . during chow release, Medical Staff
27          informed Correctional Officer Saucedo that inmate PIERCE was again claiming
            that he was suicidal, due to the fact he was being moved to the GYM."  Petitioner
28          was not medically recognized as being suicidal at the time of his alleged

                                              3

misconduct, and in fact contends that he was not.  Despite this fact, Petitioner admits in his appeal that he told staff that he had a plan to kill himself.  That such statement was made in direct response and close in time to notification of an intended cell move, supports the finding of guilt reached in connection with Rules Violation Report, Log No. E-08-05-040.  Further, it appears that Petitioner was granted the right to present witnesses in the form of stipulated testimony of his benefit.  Neither the medical documents sought to be admitted by Petitioner, nor his intended statements of threats upon his person, would in the opinion of this tribunal have sufficiently undermined the existence of "some evidence" within the record to support judicial intervention.

Findings that the decision reached in connection with Rules Violation Report, Log No. E-08-05-040 is supported by "some evidence" in the record, IT IS HEREBY ORDERED, the petition is denied.

(Exhibit 2, to Answer.)

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

C.     Insufficient Evidence to Support Rules Violation for Manipulation of Staff

Petitioner contends that his rules violation for manipulation of staff in violation of Title 15,  California Code of Regulations, section 3004(a), was not supported by some evidence.

The superior court found there was some evidence to support the finding that Petitioner

1  was guilty of manipulating staff.  On May 24, 2008, Correctional Officer Saucedo was in the

2  process of distributing indigent envelopes when Petitioner was notified that he was being moved

3  to gym housing.  Officer Saucedo was later informed by medical staff that Petitioner claimed that

4  he was suicidal because he was going to be moved to gym housing.

5      A rules violation hearing was conducted on June 15, 2008, before Senior Hearing Officer

6  (SHO) Childs.  Petitioner was initially advised of his rights and stated he understood his rights,

7  was in good health and ready to proceed with the hearing.  Petitioner denied the charges and

8  stated "I was on suicide watch for (5) [f]ive days which had nothing to do with housing

9  placement."  Although it was noted that Petitioner was a participant in the mental health services,

10  he did not display any bizarre, unusual, or uncharacteristic behavior.  Petitioner was found guilty

11  of the rules violation and assessed, among other things, a thirty day loss of credit.  The SHO

12  based his finding of guilt on the prison disciplinary report which provides some evidence to

13  support the finding of guilt.  As noted by the superior court, Petitioner was not medically

14  recognized as being suicidal at the time of the misconduct, and in fact Petitioner concedes that he

15  was not.  However, in his administrative appeal, Petitioner admitted that he told staff he had a

16  plan to kill himself.  The superior court reasonably found that Petitioner's "statement was made

17  in direct response and close in time to notification of an intended cell move, [and] supports the

18  finding of guilt reached in connection with the Rules Violation Report. . . ."  Petitioner's claim

19  that he was indeed suicidal does not establish that the superior court's decision was an

20  unreasonable application of the some-evidence standard.  Rather, it demonstrates that Petitioner

21  simply disagrees with the weight the state courts assigned to the evidence of which this Court

22  cannot re-assess or re-weigh.  Accordingly, Petitioner's claim is without merit.

23  D.    Denial of Right to Call Witness

24      Petitioner contends that he was denied the opportunity to call witnesses at the rules

25  violation hearing.  Petitioner was not denied the right to call witnesses at his hearing; rather, the

26  record is clear that Petitioner requested to call Social Worker Maravilla and Correctional Nurse

27  Brown as witnesses.  The SHO granted Petitioner's requested and the two stipulated to the

28  witnesses testimony.  Social Worker Maravilla would state Petitioner said he was feeling

suicidal, and Correctional Nurse Brown would state Petitioner said he was suicidal because he felt worthless.  Thus, there is no merit to Petitioner's claim that he was denied witnesses.

E.    Denial of Right to Investigative Employee

Petitioner contends that he was denied the right to an investigative employee which could have assisted him in acquiring additional information regarding his mental status.  At the hearing, SHO Childs found that Petitioner did not meet the criteria for assignment of an investigative employee pursuant to California Code of Regulations section 3315(d)(2)[2] because he had a T.A.B.E. (testing for adult education level) score above 4.0 and was literate and English speaking.  The charges were read to Petitioner and he acknowledged that he understood the charges and plead "not guilty."  Petitioner overlooks the fact that the hearing officer admitted and considered the evidence that Petitioner felt suicidal.  There is no showing that the hearing officer prevented Petitioner from presenting further evidence or that such evidence would have affected the guilty finding.  As stated by the superior court, [n]either the medical documents sought to be admitted by Petitioner, nor his intended statements of threats upon his person, would in the opinion of this tribunal have sufficiently undermined the existence of 'some evidence' within the record to support judicial intervention."  Based on the foregoing, the superior court's determination was not contrary to or an unreasonable application of clearly established federal

---

[2] Title 15 of the California Code of Regulations section 3315(d)(1)(A) states:

(d) An inmate shall be assigned an employee to assist in the investigation of matters pertaining to a disciplinary action when the chief disciplinary officer or designee determines the necessity based on the following criteria.

(1) Investigative Employee.

(A) An investigative employee, as described in section 3318(a), shall be assigned when the staff designated to classify the serious rules violation determines that:

1. The complexity of the issues require further investigation.

2. The housing status makes it unlikely the charged inmate can collect and present the evidence necessary for an adequate presentation of a defense.

3. A determination has been made that additional information is necessary for a fair hearing.

1    law, nor an unreasonable determination of the facts in light of the evidence.

2    F.    Denial of Mental Health Evaluation

3          Petitioner contends that he should have been afforded a mental health evaluation prior to

4    issuance of the RVR.  There is no right to a mental health evaluation prior to issuance of a

5    violation or commencement of a hearing.  If there was evidence of self-mutilation or attempted

6    suicide, an assessment may have been necessary. (Cal. Code Regs., tit. 15, § 3317).  However, in

7    this instance, there was no evidence of self-mutilation or attempted suicide, and at the beginning

8    of the hearing Petitioner acknowledged that he was in good health and ready to proceed with the

9    hearing.  Therefore, it was determined that a mental health evaluation was not necessary.  This

10   finding is further supported by the fact that Petitioner was seen at the mental health department

11   just eleven days prior to the hearing, and it was determined there was no suicidal ideation or

12   psychotic symptoms.  Accordingly, this claim is without merit.

13   G.    Denial of Right to Impartial Hearing Officer

14         Petitioner contends that he was denied the right to an impartial hearing officer because

15   the SHO knew that he was pursuing charges against his friends.  He claims SHO Childs told him

16   that he would not give any evidence against friends and made sure he was denied all

17   entitlements.

18         A fundamental requirement of due process is an impartial decision-maker or tribunal.

19   Wolff, 418 U.S. at 592.  If the prison disciplinary hearing officers are "not left at large with

20   unlimited discretion" the hearing is impartial.  Id. at 571.  In this case, Petitioner points to no

21   evidence, beyond his conclusory allegations, that SHO Childs was not impartial.  Indeed, the

22   record establishes that Childs considered all evidence presented by Petitioner, and there is no

23   showing that he had personal knowledge of the facts or was in any way personally interested in

24   the outcome.  Accordingly, there is simply no merit to Petitioner's claim and it should be denied.

25

26                                   RECOMMENDATION

27         Based on the foregoing, it is HEREBY RECOMMENDED that:

28         1.    The instant petition for writ of habeas corpus be DENIED; and

                                            7

2.    The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    July 20, 2010**                              _____/s/ Sandra M. Snyder_____
                                                         UNITED STATES MAGISTRATE JUDGE